UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

UNITED STATES OF AMERICA,      )
                                )      Case No. 2:15-cr-00159-JCM-NJK
            Plaintiff,          )
                                )      ORDER AND
vs.                             )      REPORT &  RECOMMENDATION
                                )
JAIME SANDOVAL,                 )
                                )      (Docket No. 22)
            Defendant.          )
                                )

This matter was referred to the undersigned Magistrate Judge on defendant Jaime Sandoval's Motion to Suppress Evidence.  Docket No. 22.  The Court has considered defendant's Motion, the United States' Response, and defendant's Reply.  Docket Nos. 22, 24, 30.

## I.      BACKGROUND[1]

On May 14, 2015, while patrolling in the area of Flamingo and Paradise, Las Vegas Metropolitan Police Department ("LVMPD") Patrol Officers Colacurci and Smith observed a Red Monte Carlo sedan bearing Nevada plate LOAN F0214.  Docket No. 22-1 at 3.  The vehicle had "extremely tinted windows." *Id*.  When defendant, who was driving the vehicle, noticed the officers' marked patrol unit, he immediately turned into a parking lot.  *Id*.  Officers initiated a traffic stop based on the "illegal window tint." *Id*.  Defendant and his two female passengers immediately exited the vehicle and attempted to walk away in separate directions.  *Id*.  When Officer Colacurci noticed a baggie containing suspected narcotics hanging out of defendant's front pants pocket, officers detained defendant.  *Id*.

Officers conducted a records check on the Vehicle Identification Number of the Monte Carlo and determined that it had been reported stolen on April 16, 2015.  *Id*.  Officers conducted a criminal

---

[1]Both parties relied upon the police report for their recitation of facts.  *See* Docket No. 22 at 2; Docket No. 24 at 2.  The Court therefore derives its factual background from the same document.

history check on defendant and determined that he was a registered ex-felon for convictions that included Possession of a Firearm by Ex-Felon, Possession of a Stolen Vehicle, and Attempted Possession of a Stolen Vehicle. *Id*. Officers additionally learned that defendant was a documented gang member. *Id*. Further, Officer Colacurci could see a loaded assault rifle magazine sitting on the center console of the vehicle in plain view. *Id*.

Officer Colacurci used a tint meter to determine that the window tint of the vehicle was 4%. *Id*. One of the female passengers told officers that defendant started to act "suspicious" as soon as he saw the patrol car. *Id*. The other female passenger told officers that defendant became nervous upon observing the patrol car, and that the magazine on the center console came from defendant's person. *Id*. at 4.

Officers conducted an inventory search of the vehicle, and recovered numerous items of suspected stolen property that were scattered within the passenger compartment area in the immediate area of access to defendant. *Id*. These items included checks, bank statements, identification cards, vehicle keys and credit/debit cards. *Id*. Additionally, the key in the ignition of the vehicle had the name Mitsubishi stamped on it and, therefore, did not belong to a Chevrolet vehicle. *Id*.

Defendant was transported to the Clark County Detention Center and booked on charges of Possession of a Stolen Vehicle, Possession of Credit Card without Consent of the Owner(s), and two counts of Possession of Controlled Substance. *Id*. at 4-5. When detectives attempted to interview defendant about the stolen vehicle he was driving, defendant immediately stated, "I didn't know it was stolen." *Id*. at 5. Defendant then stated that he no longer wished to speak. *Id*.

On June 2, 2015, a federal grand jury issued an indictment charging defendant with one count of Carjacking, in violation of Title 18, United States Code, Section 2119; one count of Use of a Firearm During and in Relation to a Crime of Violence, in violation of Title 18, United States Code, Section 924(c)(1)(A); and two counts of Felon in Possession of a Firearm, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2). Docket No. 1. On September 10, 2015, defendant filed the instant motion to suppress evidence, asking the Court to suppress all evidence seized during the May 14, 2015 traffic stop. Docket No. 22. Defendant also requests an evidentiary

1  hearing.  *Id.* at 1.

2  **II.**   **ANALYSIS**

3  **A.**   **Evidentiary Hearing**

4  The United States Court of Appeals for the Ninth Circuit has held that an evidentiary hearing

5  on a motion to suppress need only be held if the moving papers allege facts with sufficient

6  definiteness, clarity, and specificity to enable the court to conclude that contested issues of material

7  fact exist.  *United States v. Howell*, 231 F.3d 615, 620 (9th Cir. 2000) (*citing United States v.*

8  *Walczak*, 783 F.2d 852, 857 (9th Cir. 1986); *United States v. Harris*, 914 F.2d 927, 933 (7th Cir.

9  1990); *United States v. Irwin*, 613 F.2d 1182, 1187 (9th Cir. 1980); *United States v. Carrion*, 463

10  F.2d 704, 706 (9th Cir. 1972) ("Evidentiary hearings need be held only when the moving papers

11  allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude

12  that relief must be granted if the facts alleged are proved.")).

13  "A hearing will not be held on a defendant's pre-trial motion to suppress merely because a

14  defendant wants one.  Rather, the defendant must demonstrate that a 'significant disputed factual

15  issue' exists such that a hearing is required." *Howell*, 231 F.3d at 621 (*citing Harris*, 914 F.2d at

16  933).  The determination of whether an evidentiary hearing is appropriate rests in the reasoned

17  discretion of the district court.  *United States v. Santora*, 600 F.2d 1317, 1320 (9th Cir.), *amended*

18  *by* 609 F.2d 433 (1979).  Here, both parties relied upon the same report generated by LVMPD in

19  presenting the facts.  The court concludes there are no contested issues of fact that require an

20  evidentiary hearing in this matter, and the court will therefore decide the motion on the moving and

21  responsive papers.

22  **B.**   **Motion to Suppress**

23  Defendant submits that the stop of the vehicle, based upon illegal window tint, was not

24  objectively reasonable.  Docket No. 22 at 3, 5.  Defendant relies on *United States v. Caseres*, 533

25  F.3d 1064 (9th Cir. 2008), in which the Ninth Circuit "interpreted the application of a similarly

26  worded statute and commented on its skepticism regarding the validity of a stop based on its

27  violation." *Id.* at 4.  Thus, defendant submits, *Caseres* held that a stop based upon the similarly

28  worded statute constitutes a mistake of law.  *Id.*  Defendant further contends that the officers'

- 3 -

mistake of law was not objectively reasonable, as *Casares* was decided seven years prior to this traffic stop. *Id*. at 5. Therefore, defendant contends that the stop of the vehicle he was driving violated the Fourth Amendment and asks the Court to suppress all evidence seized as a result. *Id*.

The United States responds that the police report clearly indicates that the windows in the car driven by defendant were tinted illegally, in violation of NRS § 484D.440. Docket No. 24 at 2. The United States presents two photos of the vehicle, which appear to depict extremely dark tinted windows. Docket No. 24-1 at 2-3. Further, the United States notes that defendant has failed to assert that NRS § 484D.440 has been found unconstitutional or invalid by any court and that the California statute discussed in *Caseres* was different than the Nevada statute at issue here. Docket No. 24 at 3.[2] Therefore, the United States submits, the traffic stop was valid. *Id*. at 4.[3] Even if the underlying stop was invalid, however, the United States argues that defendant does not have standing to challenge the search of the vehicle, as the vehicle was stolen. *Id*. at 3.

Defendant replies that, though the statute in the *Caseres* case is not identical to NRS § 484D.440, it contains a similarly worded exception and, thus, the instant stop is improper unless the officer believed no exception existed in the statute. Docket No. 30 at 3. Defendant asserts that the stop was based on a mistake of law that was not objectively reasonable and, therefore, the stop is invalid. *Id*. Additionally, defendant contends that he has standing to challenge the search of the vehicle because he is not the person who stole it, and he did not knowingly possess a stolen vehicle. Id. at 3-4. Defendant relies upon the facts that the car was stolen a month before he was stopped driving it, as well as the fact that the owner of the car told police a white male stole her vehicle and he is Hispanic, to demonstrate that he is not the person who stole it. *Id*. at 4. Further, defendant relies upon his statement to detectives that, "I didn't know it was stolen," to demonstrate that he did not knowingly possess a stolen vehicle. *Id*. Therefore, defendant submits, he had a legitimate privacy interest in the vehicle. *Id*.

---

[2]In any event, notes the United States, the *Caseres* court did not specifically rule on the validity of the California statute. *Id*. at 3.

[3]The United States specifically notes that it relies on the NRS statute for the validity of the traffic stop, and not on mistake of law. *Id*. at 2-3.

"A person is seized by the police and thus entitled to challenge the government's action under the Fourth Amendment when the officer, 'by means of physical force or show of authority,' terminates or restrains his freedom of movement." *Brendlin v. California*, 551 U.S. 249, 254 (2007) (quoting *Florida v. Bostick*, 501 U.S. 429, 434 (1991)). In Fourth Amendment terms, a traffic stop entails a seizure of the driver "even though the purpose of the stop is limited and the resulting detention quite brief." *Delaware v. Prouse*, 440 U.S. 648, 653,(1979); *see also Wren v. United States*, 517 U.S. 806, 809-810 (1996) ("Temporary detention of individuals during the stop of an automobile by the police, even if only for a brief period and for a limited purpose, constitutes a 'seizure' of 'persons' within the meaning of [the Fourth Amendment]"). Even brief temporary detention of individuals for a limited purpose in a traffic stop constitutes a seizure for purposes of the Fourth Amendment. *See United States v. Martinez-Furerte*, 428, U.S. 543, 556 (1976); *United States v. Brignoni-Ponce*, 422 U.S. 873, 878 (1975); *United States v. Garcia*, 205 F.3d 1182, 1187 (9th Cir. 2000).

A decision to stop an automobile is reasonable where the police have probable cause to believe a traffic violation has occurred. *Wren*, 517 U.S. at 810. This is because the United States Supreme Court has made it clear that "[s]ubjective intentions play no role in ordinary, probable-cause, Fourth Amendment analysis." *Id*. at 813. Here, the vehicle defendant was driving was stopped for violating NRS §484D.440.

NRS §484D.440 makes it unlawful to operate a motor vehicle with window tinting "which alters the color or reduces the light transmission of the windshield or side or rear window." NRS §484D.440 2. The statute provides for an exception if the "motor vehicle which has a windshield or windows that are covered by or treated with any material"... "was sold when new or could have been sold when new with such material as standard or optional equipment without violating any federal statute or regulation governing the sale at the time of manufacture." NRS §484D.440 5. The United States has presented evidence showing that the windows on the Monte Carlo driven by defendant were extremely tinted, and that officers performed a tinting check and confirmed that the tinting on the windows violated the statute.

. . . .

1    The language of the California statute at issue in *Caseres*, though similar to the language in

2    the statute at issue in the instant case, is not identical.  *See* Docket No. 22 at 3-4; 4 n.2.  Further, the

3    Court in *Caseres* did not invalidate the California statute.  533 F.3d at 1069.  Finally, the United

4    States submitted that the Nevada statute at issue is a valid statute that has never been held invalid

5    or unconstitutional by any court.  Defendant failed to present any instance where the Nevada statute

6    has been held invalid or unconstitutional and the Court, in its own research, could find no such

7    instance.  Therefore the Court finds that the officers conducted a traffic stop based upon a violation

8    of a valid Nevada statute.  As a result, the court finds that the traffic stop was based on probable

9    cause, and therefore reasonable within the meaning of the Fourth Amendment.

10   In any event, defendant has no standing to contest the search of the vehicle.  Defendant bears

11   the burden of establishing, under the totality of the circumstances, that the search violated his

12   legitimate expectation of privacy in the place searched or the things seized.  *Rakas v. Illinois*, 439

13   U.S. 128 (1978).   A defendant has no standing to contest a search of a stolen car.  *See James v.*

14   *Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("[defendant] lacked standing to challenge the search.  The van

15   was stolen and [defendant] knew it was stolen.  Only the vehicle's owner or an individual with a

16   legitimate privacy interest in the vehicle may challenge the search").

17   Defendant relies upon his own self-serving statement that he did not know the vehicle was

18   stolen in submitting that he has standing to contest the search of the vehicle.  The evidence, however,

19   clearly belies defendant's claim.  Scattered within the passenger compartment area of the car

20   defendant was driving, in the immediate area of access to him, officers found clearly stolen items

21   including checks, bank statements, identification cards, vehicle keys and credit/debit cards.  Further,

22   the key that defendant used to drive the Chevrolet vehicle had a Mitsubishi stamp on it, clearly

23   indicating that it did not belong to this vehicle.  The Court therefore finds that defendant did, in fact,

24   know that he was driving a stolen vehicle and that he thus lacks standing to contest the search of the

25   vehicle. *See United States v. Caymen*, 404 F.3d 1196 (9th Cir. 2005) (defendant had no standing to

26   contest search of stolen laptop, despite his statements to authorities that he bought the laptop with

27   his own credit card).

28   . . . .

**ORDER**

Based on the foregoing and good cause appearing therefore,

IT IS HEREBY ORDERED that defendant's request for an evidentiary hearing is **DENIED**.

**RECOMMENDATION**

Based on the foregoing and good cause appearing therefore,

IT IS RECOMMENDED that defendant's Motion to Suppress Evidence (Docket No. 22) be **DENIED**.

**NOTICE**

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 21st day of October, 2015.

NANCY J. KOPPE
United States Magistrate Judge

- 7 -