UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 2:15-cr-00159-JCM-NJK |
| Plaintiff, ) | |
| ) | |
| vs. ) | REPORT & RECOMMENDATION |
| ) | |
| JAIME SANDOVAL, ) | |
| ) | (Docket No. 23) |
| Defendant. ) | |
| ) | |

This matter was referred to the undersigned Magistrate Judge on defendant Jaime Sandoval's Motion to Dismiss Count II of the Indictment. Docket No. 23. The Court has considered defendant's motion, the United States' response, and defendant's reply. Docket Nos. 23, 25, 31.

**I.    BACKGROUND**

On June 2, 2015, a federal grand jury sitting in Las Vegas, Nevada issued an indictment charging defendant in Count One with Carjacking, in violation of Title 18, United States Code, Section 2119; in Count Two with Use of a Firearm During and in Relation to a Crime of Violence, in violation of Title 18, United States Code, Section 924(c)(1)(A); and in Counts Three and Four with Felon in Possession of a Firearm, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2). *See* Docket No. 1. The alleged crime of violence to which Count Two relates is the alleged carjacking in Count One. *Id*. at 1-2.

. . . .

. . . .

1      Defendant submits that carjacking categorically fails to qualify as a crime of violence under
2 the force clause of Title 18, United States Code, Section 924(c)(3).[1]  Docket No. 23 at 4-8.  In
3 support of his argument, defendant states that one of the ways in which carjacking can be
4 accomplished is through intimidation, and intimidation does not require the use, attempted use, or
5 threatened use of violent force.  *Id*. at 4-5.  Defendant further contends that, in light of the United
6 States Supreme Court's decision in *Johnson v. United States*, ___ U.S. ___, 135 S.Ct. 2251 (June
7 26, 2015), the residual clause of Section 924(c)(3) is unconstitutionally vague.  *Id*. at 8.  Therefore,
8 defendant submits that no legal basis exists for a conviction under 18 U.S.C. §924(c), and asks the
9 Court to dismiss Count Two of the indictment.  *Id*. at 14.

10     The United States responds that the offense of carjacking qualifies as a crime of violence
11 pursuant to the elements clause, § 924(c)(3)(A).  Docket No. 25 at 5.  As the carjacking statute
12 requires either "force and violence" or "intimidation," the United States submits, it proscribes
13 alternative elements and is therefore a divisible statute.  *Id*. at 5-6.  The United States contends that
14 it will prove that defendant used force or violence, and that intimidation fits within the elements
15 clause.  *Id*.  Finally, the United States argues that the *Johnson* decision did not render the residual
16 clause of 18 U.S.C. § 924(c)(3)(B) unconstitutional.  *Id*. at 7-18.

17     Defendant replies that the cases cited by the United States in support of its contention that
18 carjacking is a crime of violence are from other circuits and were decided before *Johnson*.  Docket
19 No. 31 at 2.  Defendant further contends that carjacking is an indivisible statute and, therefore,
20 requires use of the categorical analysis, rather than the modified categorical analysis.  *Id*. at 2-4.  As
21 a result, defendant submits, carjacking does not fit into the force clause.  *Id*. at 4.  Finally, defendant
22 reiterates his position that the residual clause is unconstitutional under *Johnson*.  *Id*. at 5-9.

23 **II.    ANALYSIS**

24     In *Johnson*, *supra*, the United States Supreme Court found that the residual clause of the
25 Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B), was void for vagueness and,
26 therefore, unconstitutional.  The residual clause of the ACCA states, in relevant part, that "the term

---

[1] 18 U.S.C. § 924(c)(3)(A) is known both as the force clause and the elements clause.

'violent felony' means any crime punishable by imprisonment for a term exceeding one year ... that ... is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B).

In the instant case, defendant is charged in Count Two of the Indictment with violating 18 U.S.C. § 924(c) which provides, in relevant part, a mandatory minimum sentence for one who, "during and in relation to any crime of violence," uses or carries a firearm, or possesses a firearm in furtherance of such crime. 18 U.S.C. § 924(c)(3) provides the definition of the term crime of violence for this statute:

> (3) For purposes of this subsection, the term "crime of violence" means an offense that is a felony and -
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.[2]

Defendant initially contends that carjacking fails to qualify categorically as a crime of violence under 18 U.S.C. § 924(c)(3)(A). Defendant's argument is dependent upon his "assumption that the sufficiency of an indictment to state a crime of violence is reviewable under a categorical analysis framework." *United States v. Standberry*, ___ F.Supp.3d ___, 2015 WL 5920008, *1 (E.D.Va. October 9, 2015). Under the categorical framework, "the Court's analysis is both informed and constrained by the elements of the underlying statute." *Id*. Under this approach, therefore, the Court must disregard the allegations in the Indictment that defendant used force and violence, and brandished a firearm, in taking a vehicle from another person. *Id*. *See also* Docket No. 1 at 2.

The categorical approach, however, "has been rarely utilized outside its original intended purpose. Its value and utility are questionable in the present context where the violent nature of the alleged [carjacking] is readily apparent from the face of the ... indictment." *Standberry*, 2015 WL 5920008 at *1. *See also Johnson*, 135 S.Ct. at 2562 ("Congress intended the sentencing court to

---

[2] 18 U.S.C. § 924(c)(3)(A) is known both as the force clause and the elements clause, and 18 U.S.C. § 924(c)(3)(B) is known as the residual clause. *See United States v. Redmond*, 2015 WL 5999317, *2 (W.D.N.C. Oct. 13, 2015).

1  look only to the fact that the defendant had been convicted of crimes falling within certain categories,
2  and not to the facts underlying the prior convictions") *(quoting Taylor v. United States*, 495 U.S.
3  575, 600 (1990)) .

4     "Cases in which the categorical approach has been utilized outside the sentencing contexts
5  are spare." *Standberry*, 2015 WL 5920008 at *2. "In the vast majority of cases, this one
6  dimensional analytical construct is used by sentencing courts conducting a cold record review of a
7  prior conviction to determine whether its elements square with the definition of 'crime of violence'
8  articulated in § 924(c)(3), the Armed Career Criminal Act." *Id*. While sentencing courts review a
9  cold record of prior convictions, trial courts do the opposite. "Unlike the retrospective analysis
10 conducted by sentencing courts, trial courts have the benefit of viewing the evidence as it unfolds."
11 *Id*. This Court, like the *Standberry* Court, does not believe that the categorical analysis (or the
12 modified categorical analysis, as argued by the United States), is the appropriate analysis at this stage
13 of the proceedings. As both parties have argued that the Court should engage in that analysis in one
14 form or the other, however, the Court reluctantly proceeds.

15    The parties disagree as to whether the carjacking statute is divisible or indivisible. The
16 impact of that determination concerns whether the Court uses the categorical approach or the
17 modified categorical approach. *See Deschamps v. United States*, 133 S.Ct. 2276, 2281 (2013)
18 (where a statute "sets out one or more elements of the offense in the alternative," the statute is
19 considered divisible and a modified categorical approach applies, which allows a court to look at
20 certain documents, including the Indictment, to determine which statutory alternative was implicated
21 during the alleged commission of the offense).

22    A person violates the carjacking statute,18 U.S.C. § 2119, if that person, "with the intent to
23 cause death or serious bodily harm takes a motor vehicle that has been transported, shipped, or
24 received in interstate or foreign commerce from the person or presence of another by force and
25 violence or by intimidation..." The statute, therefore, clearly proscribes two methods of carjacking -
26 by "force and violence," and by "intimidation." *See United States v. Cruz-Rivera*, 2015 WL
27 6394416, *2 (D.P.R. October 21, 2015). While the Court agrees with the United States' argument
28 and that the carjacking statute is most likely divisible, the Court need not reach that determination,

- 4 -

1  as the Court finds that carjacking is a crime of violence under the force or elements clause, even if
2  the statute is considered indivisible and the categorical analysis applies, and even if the crime is
3  committed by intimidation.

4        In *Holloway v. United States*, 526 U.S. 1, 11-12 (1999), the Supreme Court held that, as 18
5  U.S.C. § 2119 modifies its actus reus with the intent to cause death or serious bodily harm,
6  carjacking by force necessarily involves "the defendant attempting to inflict, or actually inflicting,
7  serious bodily harm" on the victim. Further, under the statute, intimidation is also modified with the
8  intent to cause death or serious bodily harm. 18 U.S.C. §2119. Therefore, "[a]t the very least,
9  carjacking by intimidation involves the threat of physical force." *Cruz-Rivera*, 2015 WL 6394416
10 at *3. "The word 'intimidation' implies a threat calculated to place the victim in fear." *Standberry*,
11 2015 WL 5920008 at *5. "Intimidation in the constitutionally proscribable sense of the word is a
12 type of true threat, where a speaker directs a threat to a person or group of persons with the intent
13 of placing the victim in fear of bodily harm or death." *Virginia v. Black*, 538 U.S. 343, 360 (2003).
14 Further, the Supreme Court has indicated that carjacking by intimidation requires an act more akin
15 to "a deliberate threat of violence" than "an empty threat, or intimidating bluff," because the
16 intimidation must demonstrate a willingness "to seriously harm or kill the [victim] if necessary to
17 steal the car." *Holloway*, 526 U.S. at 3, 11-12.

18       Under 18 U.S.C. § 2119, intimidation involves, at a minimum, a threat to use force to cause
19 injury, and the threatened causal agent must be physical force. "After all, 'the knowing or intentional
20 causation of bodily injury necessarily involves the use of physical force.'" Cruz-Rivera, 2015 WL
21 6394416 at *3 (quoting *United States v. Castleman*, 134 S.Ct. 1405, 1414 (2014)). Physical injury
22 can be caused by no other means. *Castleman*, *id*. Therefore, the Court finds, as did the *Cruz-Rivera*
23 Court, that carjacking by intimidation under 18 U.S.C. § 2119 necessarily involves the threatened
24 use of physical force.

25       Like Cruz-Rivera, defendant argues that carjacking, as defined by 18 U.S.C. § 2119, is not
26 a crime of violence "because it can be accomplished by 'intimidation,' which does not require the
27 use, attempted use, or threatened use of 'violent force.'" Docket No. 23 at 5. Defendant submits
28 examples, based on prior cases, in support of his argument, including that a defendant can place

- 5 -

another in fear of bodily harm by threatening to poison that person, "to release hazardous chemicals into the car, to place a barrier in front of the car if the person attempts to drive off, or to lock the person up in the car on a hot day..." *Id*. The *Cruz-Rivera* Court found that, even if this definition of intimidation as a threat of injury was correct, the cases upon which Cruz-Rivera (and defendant in the instant case) relied are no longer good law:

> ...[T]he Supreme Court recently held in *United States v. Castleman*, 134 S.Ct. 1405 (2014), that "the knowing or intentional causation of bodily injury necessarily involves the use of physical force." *Id*. at 1414. The Court defined "physical force" as any "'force exerted by and through concrete bodies,' as opposed to 'intellectual force or emotional force,'" noting that the definition of force "encompasses even its indirect application." *Id*. (quoting *Johnson* [*v. United States*], 559 U.S. [133,] ... 138 [2010]). Thus, someone who causes physical injury by "deceiving (the victim) into drinking a poisoned beverage, without making contact of any kind," uses physical force. *Id*. Indeed, "[i]t is impossible to cause bodily injury without applying force" in the above sense. *Id*. at 1415. That is why the Court also held that "a 'bodily injury' must result from 'physical force.'" *Id*. at 1414. Cruz was thus flatly wrong to argue that a carjacker does not use or threaten physical force when he "place[s] another in fear of bodily harm by threatening to poison that person if he does not turn over his car[ ], to release hazardous chemicals into the car, to place a barrier in front of the car if the person attempts to drive off, or to lock the person up in the car on a hot day."

*Cruz-Rivera*, 2015 WL 6394416 at *4.

The Court joins the *Cruz-Rivera* Court in finding that carjacking, as defined in 18 U.S.C. § 2119, is categorically a crime of violence for the purpose of 18 U.S.C. § 924(c)(3)(A) because carjacking necessarily involves the use, attempted use, or threatened use of physical force against the person or property of another. *See also United States v. Lusenhop*, 2015 WL 5016514, *3 (S.D.Ohio, August 25, 2015) ("[t]he Court has no trouble finding that the act of taking a car from someone else 'by means of force and violence or by intimidation' involves a substantial risk of the use of physical force").

As the Court finds that carjacking is a crime of violence under 18 U.S.C. § 924(c)(3)(A), the Court declines to reach defendant's constitutional argument regarding 18 U.S.C. § 924(c)(3)(B). "Prior to reaching any constitutional questions, federal courts must consider nonconstitutional grounds for decision. This is a fundamental rule of judicial restraint." *Jean v. Nelson*, 472 U.S. 846, 854, 105 S.Ct. 2992, 86 L.Ed.2d 664 (1985) (citation and internal quotation marks omitted). *See also United States v. Kaluna*, 192 F.3d 1188, 1197 (9th Cir. 1999) ("to decide the constitutional

- 6 -

1  question here would violate the maxim that courts are not 'to decide questions of a constitutional
2  nature unless absolutely necessary to a decision of the case'") (quoting *Burton v. United States*, 196
3  U.S. 283, 295 (1905)).
4      Accordingly,
5      Based on the foregoing and good cause appearing therefore,
6      IT IS RECOMMENDED that Defendant's Motion to Dismiss Count II of the Indictment
7  (Docket No. 23) be **DENIED**.

### NOTICE

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 27th day of October, 2015.

_____
NANCY J. KOPPE
United States Magistrate Judge