UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff(s),<br><br>     v.<br><br>JAIME SANDOVAL,<br><br>                              Defendant(s). | Case No. 2:15-CR-159 JCM (NJK)<br><br>ORDER |

Presently before the court are Magistrate Judge Koppe's report and recommendations regarding defendant's motion to suppress (doc. # 33) and motion to dismiss count II of the indictment. (Doc. #34).  Defendant Jamie Sandoval filed objections (docs. #36, 46), and the government filed responses to defendant's objections. (Docs. # 44, 48).

**I.      Background**

On June 2, 2015, a federal grand jury issued an indictment charging defendant in count one with carjacking, in violation of 18 U.S.C. § 2119; in count two with use of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A); and in counts three and four with felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc. #1).

Defendant filed a motion to suppress (doc. #22) and a motion to dismiss count two of the indictment. (Doc. #23).  Magistrate Judge Koppe issued two reports and recommendations recommending that both defendant's motion to suppress as well as his motion to dismiss be denied. (Docs. #33, 34). Defendant filed objections to both reports and recommendations. (Docs. #36, 46). The court now reviews Magistrate Judge Koppe's recommendations.

**James C. Mahan**
**U.S. District Judge**

## II. Legal Standard

This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

## III. Discussion

### a. Motion to suppress

In the report and recommendation, Magistrate Judge Koppe found that 1) the vehicle stop conducted by the police based on illegally tinted windows in violation of NRS § 484D.440 was based on probable cause and therefore objectively reasonable; and 2) the defendant did not have standing to challenge the search of the vehicle he was driving. (Doc. #33). The government agrees with Magistrate Judge Koppe's report and recommendation and asks the court to adopt it in full. (Doc. #44).

Defendant objects to the magistrate judge's finding that the traffic stop, based upon illegal window tinting, was objectively reasonable. Defendant argues in both his underlying motion to suppress as well as in his objection to the report and recommendation that *United States v. Caseres* interpreted the application of a similarly worded California statute and "commented on its skepticism regarding the validity of a stop based on its violation." (Doc. #22); 533 F.3d 1064, 1069 (9th Cir. 2008).

Magistrate Koppe noted that the language of the California statute in *Caseres* is not identical to the Nevada statute at issue, and the court in *Caseres* did not invalidate the California statute. (Doc. #33); 533 F.3d at 1069. The Nevada statute at issue is a valid statute that has never been held invalid or unconstitutional by any court. (*Id.*) Defendant failed to present any instance where the Nevada statute has been held invalid or unconstitutional. Consequently, Magistrate Judge Koppe found that the officers conducted a traffic stop based upon probable cause, the

violation of a valid Nevada statute, and therefore reasonable within the meaning of the Fourth Amendment. (*Id.*)

In his objections to the report and recommendation, defendant argues that determining the validity of the stop does not turn on whether the statute in question has been held to be unconstitutional. (Doc. #36). Rather, defendant suggests that *Ceasare* stands for the proposition that, absent other articulable facts to suggest that the tinted windows in this car does not fall within one of the exceptions to the Nevada statute, a police officer's determination that the windows appear to be illegally tinted cannot rise to the level of reasonable suspicion. (*Id.*)

Defendant's reliance on one sentence of dicta in *Ceasare* is misplaced. In *United States v. Wallace,* the Ninth Circuit held that a police officer who observed a heavy tint to the windows of the defendant's vehicle had probable cause to believe that vehicle was in violation of state law and, thus, had probable cause to stop vehicle. 213 F.3d 1216, 1220 (9th Cir. 2000). A decision to stop an automobile is reasonable where the police have probable cause to believe a traffic violation has occurred. *Whren*, 517 U.S. 806, 810 (1996). Indeed, "[s]ubjective intentions play no role in ordinary, probable cause, Fourth Amendment analysis." *Id.* at 813.

Defendant was stopped for violating NRS §484D.440. The government presented evidence that the windows were, at first glance, extremely tinted and that officers performed a tinting check and confirmed that the tinting on the windows violated the statute. (Docs. #25, 33). Consequently, the court agrees with Magistrate Judge Koppe and finds that the traffic stop was based on probable cause and reasonable within the meaning of the Fourth Amendment.

Defendant also objects to Magistrate Judge Koppe's denial of his request for an evidentiary hearing. Defendant argues that whether he believed he was in possession of a stolen car is a contested issue of fact. The magistrate judge held that defendant's statements claiming that he did not know the car was stolen was not credible and merely a self-serving attempt to assert that he has standing to contest the search of the vehicle. (Doc. #33).

The Ninth Circuit has held that an evidentiary hearing on a motion to suppress need only be held if the moving papers allege facts with sufficient definiteness, clarity, and specificity to enable the court to conclude that contested issues of material fact exist. *United States v. Howell*,

**James C. Mahan**
**U.S. District Judge**

- 3 -

231 F.3d 615, 620 (9th Cir. 2000) (*citing United States v. Walczak*, 783 F.2d 852, 857 (9th Cir. 1986)); *United States v. Harris*, 914 F.2d 927, 933 (7th Cir. 1990); *United States v. Irwin*, 613 F.2d 1182, 1187 (9th Cir. 1980); *United States v. Carrion*, 463 F.2d 704, 706 (9th Cir. 1972) ("Evidentiary hearings need be held only when the moving papers allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that relief must be granted if the facts alleged are proved.").

"A hearing will not be held on a defendant's pre-trial motion to suppress merely because a defendant wants one. Rather, the defendant must demonstrate that a 'significant disputed factual issue' exists such that a hearing is required." *Howell*, 231 F.3d at 621 (citing *Harris*, 914 F.2d at 933). The determination of whether an evidentiary hearing is appropriate rests in the reasoned discretion of the district court. *United States v. Santora*, 600 F.2d 1317, 1320 (9th Cir.), *amended by* 609 F.2d 433 (1979).

Despite his claims to the contrary, defendant does not provide any evidence to suggest that he did not know that the vehicle was stolen. Magistrate Judge Koppe rightly notes that all of the evidence presented to the court suggests that defendant did know the car was stolen. Scattered within the passenger compartment area of the car defendant was driving, in the immediate area of access to him, officers found clearly stolen items including checks, bank statements, identification cards, vehicle keys and credit/debit cards. (Doc. #33). Further, the key that defendant used to drive the Chevrolet vehicle had a Mitsubishi stamp on it, clearly indicating that it did not belong to this vehicle. (*Id.*). Defendant has not established that he is entitled to an evidentiary hearing to determine whether he knew the car was stolen.

After reviewing Magistrate Judge Koppe's report, defendant's objections, the government's response, and the underlying briefs *de novo*, the court adopts the report and recommendation in full and denies defendant's motion to suppress.

   b.  *Motion to dismiss count II of the indictment*

Defendant's motion to dismiss argues that the carjacking offense, count I, underlying the § 924(c) offense, count II, categorically fails to qualify as a crime of violence within the meaning

**James C. Mahan**
**U.S. District Judge**

of 18 U.S.C. § 924(c)(3)(A), and the residual clause of § 924(c)(3)(B) is unconstitutionally vague under *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015).

In her report and recommendation, Magistrate Judge Koppe found that 1) the categorical approach suggested by the defendant should not be applied at this procedural posture to challenge the sufficiency of the facially-valid indictment; 2) the carjacking statute is "most likely divisible" but the court need not make that determination; 3) carjacking qualifies as a crime of violence under the "elements clause" of 18 U.S.C. § 924(c) because it "necessarily involves the use, attempted use, or threatened use of physical force against the person or property of another"; and 4) the court need not reach the defendant's constitutional argument about the vagueness of 18 U.S.C. § 924(c)'s "residual clause." Consequently, Magistrate Judge Koppe recommends that the defendant's motion to dismiss should be denied. (Doc. #34). The government agrees with the magistrate judge's report and recommendation and asks that this court adopt it in full. (Doc. #48).

Defendant objects to the magistrate judge's reliance on *United States v. Castleman* 134 S.C.t. 1405 (2014) and *Holloway v. United States*, 526 U.S. 1 (1999). Defendant argues that it would make little sense to apply the common law meaning of force, as *Castleman* does, when determining whether carjacking constitutes a crime of violence. (Doc. #46).

A person violates the carjacking statute if that person, "with the intent to cause death or serious bodily harm takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation..." 18 U.S.C. § 2119. As the magistrate judge rightly noted, the statute clearly proscribes two methods of carjacking- by "force and violence," and by "intimidation." *See United States v. Cruz-Rivera*, 2015 WL6394416, *2 (D.P.R. October 21, 2015).

Defendant argues that carjacking, as defined by 18 U.S.C. § 2119, is not a crime of violence "because it can be accomplished by 'intimidation,' which does not require the use, attempted use, or threatened use of 'violent force.'" (Docs. #23, 46).

However, in *Holloway*, the Supreme Court held that the federal carjacking statute modifies its *actus reus* with the intent to cause death or serious bodily harm. 526 U.S. 1, 11-12 (1999). Carjacking by force necessarily involves "the defendant attempting to inflict, or actually inflicting,

serious bodily harm" on the victim. *Id.* Accordingly, under the statute, intimidation is also modified with the intent to cause death or serious bodily harm. 18 U.S.C. §2119. The *Halloway* Court when into further detail, indicating that carjacking by intimidation requires an act more akin to "a deliberate threat of violence" than "an empty threat, or intimidating bluff," because the intimidation must demonstrate a willingness "to seriously harm or kill the [victim] if necessary to steal the car." 526 U.S. at 3, 11-12.

The magistrate judge correctly concluded that intimidation under 18 U.S.C. § 2119 involves a threat to use force to cause injury, and the threatened causal agent must be physical force. "After all, 'the knowing or intentional causation of bodily injury necessarily involves the use of physical force.'" *Cruz-Rivera*, 2015 WL 6394416 at *3 (quoting *Castleman*, 134 S.Ct. at 1414). The Court in *Castleman* defined "physical force" as any "'force exerted by and through concrete bodies,' as opposed to 'intellectual force or emotional force,'" noting that the definition of force "encompasses even its indirect application." 134 S.Ct. at 1414 (quoting *Johnson v. United States*, 559 U.S. 133, 138 (2010)). *Cruz-Rivera* correctly concluded that someone who causes physical injury by "deceiving (the victim) into drinking a poisoned beverage, without making contact of any kind, uses physical force." *Id.*; *Cruz-Rivera*, 2015 WL 6394416 at *4.

Consequently, a carjacking offense involving the knowing use or threat of force or intimidation provides a sufficient *mens rea* to fall under the statutory definition of a "crime of violence." *See, e.g., United States v. Mitchell*, 2015 WL 7283132, at *3 (E.D. Wis. Nov. 17, 2015) (explaining that "taking money by force, violence, or intimidation involves a higher degree of culpability than accidental, negligent, or reckless conduct").

The court agrees with Magistrate Judge Koppe's thorough analysis of the issues put forth in defendant's motion to dismiss count II.  Therefore, after reviewing Magistrate Judge Koppe's reports, defendant's objections, the government's responses, and the underlying briefs *de novo*, the court adopts the report and recommendation in full and denies defendant's motion to dismiss count II of the indictment.

**IV.    Conclusion**

**James C. Mahan**
**U.S. District Judge**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Magistrate Judge Koppe's reports and recommendations (docs. #33, 34) be, and the same hereby are, ADOPTED in full.

IT IS FURTHER ORDERED that defendant Jamie Sandoval's motion to suppress (doc. # 22) and motion to dismiss count II (doc. #23) are DENIED.

DATED February 17, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**